IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SHEILA ALLEN,                              :

        Plaintiff,                    :    Case No. 3:07cv132

  vs.                                       :    JUDGE WALTER HERBERT RICE

COMMISSIONER OF SOCIAL SECURITY,  :

        Defendant.                    :

---

DECISION AND ENTRY REJECTING IN PART AND ADOPTING IN PART REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #10); PLAINTIFF'S OBJECTIONS TO SAID JUDICIAL FILING (DOC. #11) SUSTAINED IN PART AND OVERRULED IN PART; JUDGMENT TO BE ENTERED IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT COMMISSIONER, REVERSING AND VACATING COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT, AND REMANDING THE CAPTIONED CAUSE TO THE DEFENDANT COMMISSIONER FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION; TERMINATION ENTRY

---

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Commissioner denying Plaintiff's application for Social Security disability benefits.  On November 19, 2007, the United States Magistrate Judge filed a Report and Recommendations (Doc. #10), recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act be affirmed.  Based upon a thorough *de*

novo review of this Court's file, including the Administrative Transcript (filed with Defendant's Answer at Doc. #5), and a thorough review of the applicable law, this Court rejects the aforesaid Report and Recommendations in part and adopts same in part and, in so doing, orders the entry of judgment in favor of the Plaintiff and against the Defendant Commissioner, concluding that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence, reversing and vacating the decision of the Defendant Commissioner and remanding the captioned cause to the Defendant Commissioner for further proceedings consistent with this opinion. The Plaintiff's Objections to said judicial filing (Doc. #11) are sustained in part and overruled in part. Accordingly, the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, is reversed and vacated.

    In reviewing the Commissioner's decision, the Magistrate's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a de novo review of those recommendations of the report to which objection is made. This de novo review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate, to determine whether the findings of the Secretary [now Commissioner] are supported by "substantial evidence."

Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983); Gibson v. Secretary of Health, Education and Welfare, 678 F.2d 653, 654 (6th Cir. 1982). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), citing Consolidated Edison Company v. NLRB, 305 U.S. 197, 229 (1938); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson, supra, at 401; Ellis v. Schweicker, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury. Foster v. Bowen, 853 F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping Company, 306 U.S. 292, 300 (1939). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established... [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir. 1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra.

In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536 (6th Cir. 1981); Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984).  However, the Court may not try the case de novo, resolve conflicts in evidence or decide questions of credibility.  Garner, supra.  The findings of the Commissioner of Social Security and proceedings on Claimant's application for social security disability benefits are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.  Buxton v. Halter, Commissioner of Social Security, 246 F.3d 762 (6th Cir. 2001).   If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a different conclusion.  Elkins v. Secretary of Health and Human Services, 658 F.2d 437, 439 (6th Cir. 1981).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1.     While, arguably, the Administrative Law Judge's rejection of the opinion of Plaintiff's treating physician, Dr. Robert Landes, was supported by

substantial evidence, it is clear that, while the opinion of Dr. Landes might not have been entitled to controlling evidence, any treating physician's opinion is entitled to significant or deferential weight, unless the Administrative Law Judge clearly sets forth his reasoning for not according same to the opinion of that physician.  Simply stated, the Administrative Law Judge was required to weigh Dr. Landes' opinion under the factors described in the Defendant's Regulations, to wit: "the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source, in determining what weight to be given the opinion."  *Wilson v. Commissioner of Social Security,* 378 F.3d 541 (6th Cir. 2004, citing 20 C.F.R. § 404.1527(d)(2).  A review of the ALJ's opinion, Tr. 11-23, contains no evidence that the aforementioned factors were considered by him in determining what weight, short of controlling weight, should be given to the opinion of the Plaintiff's treating physician.

      2.    Where the Administrative Law Judge fails to provide such reasoning, his opinion cannot be found to be supported by substantial evidence.  "A failure to follow the procedural requirement of identifying the reasons for discounting the opinions and for explaining precisely how those reasons affected the weight accorded the opinions denotes a lack of substantial evidence, even where the

conclusion of the ALJ may be justified based upon the record." *Rogers v. Commissioner of Social Security*, 486 F.3d 234 (6th Cir. 2007).

    3.    To the extent that the Administrative Law Judge failed to properly identify the reasons for failing to give any weight to the opinion of the Plaintiff's treating physician, Plaintiff's Objections (Doc. #11) are sustained.

    4.    This Court agrees with the remainder of reasoning and citations to authority set forth by the United States Magistrate Judge, on the other issues raised by the Plaintiff. To the extent that Plaintiff's Objections deal with those other issues, said Objections are overruled.

WHEREFORE, based upon the aforesaid, this Court rejects in part and adopts in part the Report and Recommendations of the United States Magistrate Judge (Doc. #10), having concluded that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence. Plaintiff's Objections to said judicial filing (Doc. #11) are sustained in part and rejected in part. Judgment will be ordered entered in favor of the Plaintiff and against the Defendant Commissioner, reversing and vacating the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, and remanding the captioned cause to the Defendant Commissioner for further proceedings consistent with this opinion, including, without limitation, the taking of testimony to determine

the Plaintiff's entitlement to benefits, which hearing should include, at the least, a review of the treatment records/opinion of Plaintiff's treating physician, Dr. Landes, and a full explication by the Administrative Law Judge as to whether said opinion deserves controlling weight, or a lesser amount of weight and, if the latter, a full explanation of the reasons for whatever weight, if any, is given the opinion of said psychiatrist.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

March 28, 2008 /s/ Walter Herbert Rice
WALTER HERBERT RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Stephanie D. Dobson, Esq.
John J. Stark, Esq.
Kathryn A. Beverly, Esq.